UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **SERGIO VALDES**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **GREATER NAPLES FIRE RESCUE DISTRICT**, <br> a political subdivision of the State of Florida <br><br> Defendant. | CIVIL ACTION <br><br> Case No. 2:17-cv-417 <br><br> Judge: John E. Steele <br><br> Mag. Judge: Carol Mirando |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL EXAMINATION OF PLAINTIFF SERGIO VALDES' ELECTRONIC DEVICES**

**NOW COMES** the Plaintiff, **SERGIO VALDES**, by and through his undersigned attorney, and files his response to Defendant's Motion to Compel Examination of Plaintiff Sergio Valdes' Electronic Devices (Doc. 20) and states as follows:

**INTRODUCTION**

This is an employment discrimination case. In defending this case, the Defendant has now demanded production of all of the Plaintiff's "electronic devices and email account information in his possession so that Defendant's expert may conduct a forensic examination of the devices and email accounts, to include imaging, copying, and inspecting" (Doc. 20, p. 1), even though the only relevant time period is from October 27, 2016 to November 1, 2016, the approximate date it took adverse employment action against the Plaintiff. The Plaintiff has objected to the Defendant's overly broad discovery that is not remotely proportional to the needs of this case.

In response to Plaintiff's objections, the Defendant's Motion offered a series of explanations for what the electronic records <u>might</u> show. None are very persuasive, all fail to answer the

1

overbreadth of its requests. The Defendant has not meaningfully addressed the point of the Plaintiff's objections that there is no limitation on the ESI sought, that the ESI sought covers periods when the Plaintiff did not even work for, or even seek employment with, the Defendant, and that the requests would encompass an enormity of irrelevant and possibly privileged information. The Defendant also does not meaningfully address that the ESI it seeks it is not proportional to the needs of the case. More targeted discovery requests might have been defensible but these broad requests are not. And for the reasons discussed *infra*, the Defendant's Motion to Compel is due to be denied.

## MEMORANDUM OF LAW

**I.      Legal Standard.**

Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ. P. 34. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) permits discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues**, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served, and "for each item or category . . . must state with specificity the grounds for objecting to the request, including the

reasons." Fed. R. Civ. P. 34(b)(2). The Plaintiff has done so, but as discussed herein, the Defendant seeks *carte blanche* discovery beyond what is permissible under Rule 26.

    II.    **The Discovery Sought is Overly Broad and Not Proportional: The Causes of Action Require Plaintiff to Prove Pretext, Meaning Whether the Defendant Honestly Believed the Legitimate Reason It States for Terminating the Plaintiff.**

The Plaintiff has brought a three count Complaint (Doc. 1) alleging FMLA interference, FMLA retaliation and worker's compensation retaliation. The legal standard for each is discussed below. As will be seen, the only possible relevant inquiry will be whether or not the Defendant <u>believed</u> the Plaintiff used narcotics or possessed drug paraphernalia. Whether or not the Defendant was ultimately correct in its suspicion that Plaintiff used narcotics or possessed drug paraphernalia does not matter as, at best, all that matters is the Defendant's honest belief at the time of the adverse employment action.

    a.  **FMLA Interference.**

The FMLA, 29 U.S.C. § 2601 *et seq.*, provides for several causes of action, including an interference claim, in which an employee asserts that his employer denied or otherwise interfered with his rights under the FMLA, and a retaliation claim, in which an employee asserts that his employer took an adverse employment action against him because he took an action protected by the FMLA. *See* 29 C.F.R. § 825.220(c) ("The Act's prohibition against 'interference' prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights."). To succeed on a FMLA interference claim, a plaintiff must prove (i) that he was eligible for FMLA leave, (ii) that he was entitled to FMLA leave, (iii) gave notice of his need for leave, and (iv) was denied a right afforded to him under the FMLA, such as the right to take leave or to reinstatement upon the completion of leave. To establish a claim of FMLA interference, "an employee need only demonstrate by a

preponderance of the evidence that he was entitled to the benefit denied." *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206-07 (11th Cir. 2001). The employer's intent or motives are irrelevant to the analysis. *Vira v. Crowley Liner Servs.*, 723 F. App'x 888, 895 (11th Cir. 2018).

### b. FMLA Retaliation.

The FMLA makes it unlawful for an employer to discriminate against an individual "for opposing any practice made unlawful" by the FMLA, 29 U.S.C. § 2615(a)(2), and it also makes it unlawful for any person to discriminate against an individual "because" the individual participated in an inquiry or hearing under the FMLA, 29 U.S.C. § 2615(b). To succeed on a FMLA retaliation claim, a plaintiff must prove (i) that he was employed by the defendant, (ii) that he was eligible for FMLA leave, (iii) that he was entitled to FMLA leave, (iv) that he engaged in statutorily protected activity, (v) that he suffered an adverse employment action, such as termination, and (vi) that the adverse employment action was because of the plaintiff's statutorily protected activity. FMLA retaliation claims also arise where a plaintiff alleges that his former employer refused to rehire him based on his past use of FMLA leave. *See Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303, 1307 (11th Cir. 2001) (allowing FMLA retaliation claim based on failure to rehire).

### c. Worker's Compensation Retaliation.

Under Fla. Stat. § 440.205, "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Retaliation claims brought pursuant to § 440.205 require a plaintiff to show the following: (1) he engaged in protected expression; (2) he suffered an adverse employment action; (3) a causal connection exists between the expression and the adverse action. *Ortega v. Eng'g. Sys. Tech., Inc.*, 30 So. 3d 525, 528 (Fla. Dist. Ct. App.

2010). Florida workers compensation retaliation claims under the *McDonnell Douglas* burden-shifting framework. See *Andrews v. Direct Mail Exp., Inc.*, 1 So. 3d 1192, 1193 (Fla. Dist. Ct. App. 2009) (Florida worker's compensation retaliation claim). Once a plaintiff meets his *prima facie* burden, the defendant must present a legitimate, non-discriminatory reason for its actions. *Id.* at 1193-94 (Florida worker's compensation retaliation claim). To succeed in his claims, the plaintiff must then demonstrate that the reason given was a pretext for a statutorily-protected purpose. *Id*.

### d. Pretext Focuses Solely on the Defendant's Belief.

Pretext means that the reason given by the employer was not the real reason for the adverse employment decision. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997). An employee can show that the employer's articulated reason was false by pointing to "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation that a reasonable factfinder would find them unworthy of credence. *Id*. at 1538 (quotation omitted). However, a reason is not a pretext for discrimination unless the plaintiff shows both that the reason was false and that discrimination was the real reason. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). The plaintiff "must meet [the proffered] reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).

As the Eleventh Circuit has recently held, the relevant inquiry is only a defendant's honest belief of its legitimate business reason for the adverse employment action. *Toland v. AT&T Inc.*, No. 17-14095, 2018 U.S. App. LEXIS 15379, at *5 n.2 (11th Cir. June 5, 2018) ("the relevant inquiry is whether BellSouth honestly believed that Toland had not completed the application

process within the requested time."); *Grovner v. Ga. Dep't of Nat. Res.*, 646 F. App'x 805, 809 (11th Cir. 2016)(The pretext inquiry focuses on whether the employer gave an honest explanation for its behavior.); see also *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). As applied to this case, the Plaintiff must prove that the Defendant could not have honestly believed him to be a drug user and possessor of drug paraphernalia. This means that it does not matter if the Plaintiff proves that he did not use narcotics or possess drug paraphernalia because the Defendant will still prevail if it honestly believed the same to be true. The Defendant's attempt to prove it was ultimately correct by engaging in a fishing expedition into every text message and email account of the Plaintiff is completely immaterial to resolution of the instant dispute and is thus outside the bounds of appropriate discovery.

      e.  **Defendant's Discovery Requests are Overly Broad and Not Proportional to the Needs of this Case.**

The ESI the Defendant seeks could only relate to the issue of pretext, but, as discussed above, pretext only focuses on the Defendant's honest belief at the time of the adverse employment action. Whether the Defendant was ultimately right or wrong is immaterial so long as it possessed an honest belief in its legitimate business reason for terminating the Plaintiff. Thus, **what is relevant was what the Defendant knew at the time it made its adverse employment decision as to the Plaintiff**. Notably absent from the Defendant's Motion is any suggestion that its legitimate business reason for its adverse employment action was at all influenced by any electronic communications at all, let alone electronic communications from the Plaintiff.

The Defendant's desire to take custody of the Plaintiff's "electronic devices and email account information in his possession so that Defendant's expert may conduct a forensic examination of the devices and email accounts, to include imaging, copying, and inspecting" is a gross invasion of the Plaintiff's privacy rights and is not remotely proportional to the needs of this case. Allowing

the Defendant access to *all aspects* of the Plaintiff's cellular phones would easily encompass very personal, private matters that have nothing whatsoever to do with this case. It would also thrust into privileged matters such as spousal and attorney-client privileged communications. Such a request would be "overly broad and unacceptably annoying." *See Martinez v. Rycars Constr., LLC,* No. CV410-049, 2010 U.S. Dist. LEXIS 110546, at *8 (S.D. Ga. Oct. 18, 2010); *Nunn v. State Farm Mut. Auto. Ins. Co.,* 2010 U.S. Dist. LEXIS 51609, 2010 WL 2044477 at * 4 (N.D. Tex. May 24, 2010) (no "fishing expedition" permitted on phone records request). Moreover, seeking all records from Plaintiff's cellular phones are not proportional to the needs of this case. *See Arndt v. Ford Motor Co.,* No. 2:15-cv-11108, 2016 U.S. Dist. LEXIS 38391, at *11 (E.D. Mich. Mar. 24, 2016). As mentioned above, more narrowly tailored requests may have been defensible, but these requests are not.

    The Middle District's Discovery Handbook addresses proportionality when ESI is sought:

> The discovery of ESI should be proportional to the amount in controversy, the nature of the case and the resources of the parties. Rule 26(b)(2)(c) imposes a duty on the parties to balance the need for the discovery with the burdens of production. Rule 26(b)(2)(B) expressly provides that a party does not have to provide discovery of ESI that is not reasonably accessible because of undue burden or cost except on motion and order of the Court. The Sedona Conference has published six principles to guide the Court and counsel in applying the concept of proportionality to civil litigation:
>
> 1. The burdens and costs of preservation of potentially relevant information should be weighed against the potential value and uniqueness of the information when determining the appropriate scope of preservation.
> 2. Discovery should generally be obtained from the most convenient, least burdensome, and least expensive sources.
> 3. Undue burden, expense, or delay resulting from a party's action or inaction should be weighed against that party.
> 4. Extrinsic information and sampling may assist in the analysis of whether requested discovery is sufficiently important to warrant the potential burden or expense of production.
> 5. Nonmonetary factors should be considered when evaluating the burdens and benefits of discovery.

   6. Technologies to reduce cost and burden should be considered in the proportionality analysis.

 The Discovery Handbook also provides that "**[i]nspection of an opponent's computer system is the exception, not the rule and the creation of forensic image backups of computers should only be sought in exceptional circumstances which warrant the burden and cost.**" (Middle District Discovery (2015), p. 26)(emphasis added). Nowhere in the Defendant's broad discovery requests is there justification for their breadth or why a more narrowly tailored set of requests could not have been propounded instead. For example, the requests could easily have been narrowly tailored to seek communications between the Plaintiff and any of the Defendant's decision-makers from October 27, 2016 to even December 28, 2016 (date Plaintiff was released to return to work), which request could have propounded and which have been relevant. But instead, the Defendant's requests are nothing more than a fishing expedition seeking to set sail through an overly broad ocean of ESI. The Defendant has not set forth a compelling reason for an exception to the norms articulated in the Discovery Handbook that otherwise do not permit an inspection of an opponent's computer system.

 Even under more compelling circumstances, forensic inspections of cell phones have been denied. If any kind of cases would appear to present a more proper basis to order a forensic inspection of a cellular telephone, it would be cases involving claims under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 2271- but courts have often denied those requests too. In fact, this Court denied a request to inspect phone systems where the issue was a potential violation of TCPA- obviously a claim involving crucial phone data- finding that "the circumstances here do not amount to 'exceptional circumstances which warrant the burden and the

---

[1]  The TCPA prohibits any person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

cost.'" *Tillman v. Ally Fin. Inc.*, No. 2:16-cv-313-FtM-99CM, 2017 U.S. Dist. LEXIS 185900, at *11 (M.D. Fla. Nov. 9, 2017)(*citing* Middle District Discovery (2015) at 26 VII(E)); *see also Al-Zaharnah v. Innovative Loan Servicing Co.*, No. 8:15-cv-337-T-JSS, 2015 U.S. Dist. LEXIS 137043, at *5-6 (M.D. Fla. Oct. 7, 2015)(the burden of the requested discovery outweighs its likely benefit and discussing that the request was not proportional because of the potential disclosure of private, confidential information). As a Court in the Southern District of Florida held in another TCPA case, a "request for a forensic examination of Plaintiff's cell phone is not tailored to obtain information that is relevant to any claim or defense in this case." *Ramos v. Hopele of Fort Lauderdale, Ltd. Liab. Co.*, No. 17-62100-CIV-MORE, 2018 U.S. Dist. LEXIS 44327, at *10 (S.D. Fla. Mar. 19, 2018). Cases under the TCPA would present the best opportunity for granting a forensic inspection of a cell phone because the cell phone is directly at issue. While cases arising under the TCPA directly involve cell phones and the records contained on them, employment cases do not. There are no exceptional circumstances present here in this employment case that would warrant deviation from the Discovery Handbook.

Further concerning is that the Defendant's broad discovery requests do not address or afford protection of privacy rights or protection of privileged information. Here too, the Discovery Handbook provides guidance: "[a] request to image an opponent's computer should include a proposal for the protection of privacy rights, protection of privileged information, and the need to separate out and ignore non-relevant information." (Middle District Discovery (2015), p. 26). Nowhere in the Defendant's requests are these concerns addressed. Much to the contrary, the Defendant's requests explicitly seek to obtain a complete copy of the Plaintiff's cellular phones

9

and email accounts, privacy and privilege notwithstanding.[2] The Defendant is not entitled to the *carte blanche* discovery it seeks.

### III.   Local Rule 3.01(g) Supplement.

The Plaintiff's concerns articulated herein have been explained to the Defendant. The Plaintiff has attempted to resolve the instant discovery dispute and has offered a variety of proposed solutions to the Defendant. Those solutions include asking for more narrowly tailored requests, protections for privacy and privileges and narrowing the relevant temporal scope.

Notwithstanding the same, the Defendant has remained steadfast in its position that production of all of the Plaintiff's "electronic devices and email account information in his possession so that Defendant's expert may conduct a forensic examination of the devices and email accounts, to include imaging, copying, and inspecting" (Doc. 20, p. 1) is appropriate and has instead filed the instant Motion to Compel. Despite Plaintiff's suggestion to engage in an informal telephonic hearing, the Defendant has declined and has instead demanded either a formal in-person hearing or to have this matter decided upon the parties' briefs.

### IV.   Legal Standard for an Award of Attorney's Fees.

The Defendant's Motion was unnecessary and litigating this issue could have been completely avoided had the Defendant elected diplomacy rather than its all-or-nothing ultimatum. As discussed above, the Defendant's requests are overly broad and not remotely proportional to the needs of this case. Moreover, Plaintiff has attempted at every turn to compromise but again has

---

[2] The Defendant's Motion cavalierly suggests "[t]o the extent that the forensic expert has direct access to information protected by the attorney-client privilege, such disclosure will not result in any waiver of such privilege." (Doc. 20, p. 12). A potential waiver is not the issue, rather preservation of the privilege is paramount because one cannot un-ring the bell once privilege is breached. Further concerning in that regard is that the person the Defendant wants to conduct the forensic examination is its own expert, who presumably will be able to freely communicate with counsel for the Defendant; Rule 26(b)(4) would also presumably prevent the Plaintiff from inquiring as to those communications. The Defendant's proposed protocols are thus wholly improper.

been met with the Defendant's all-or-nothing ultimatum. Attorney's fees ought to be awarded to the Plaintiff for having to defend this easily-avoidable Motion.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the party or attorney whose conduct necessitated a discovery motion "must" be ordered to pay the reasonable expenses incurred in making the motion, including attorney's fees, unless the moving party filed the motion before attempting in good faith to obtain the discovery without court action, or the opposing party's position was "substantially justified," or "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993)(*citing Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)(citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

In this case the Defendant's position is not substantially justified. This is so across the board, but in one respect the conclusion is especially obvious: Defendant has offered no justification whatsoever for obtaining a complete copy of the Plaintiff's cellular phones and email accounts, which would include periods before the Plaintiff went to work for the Defendant and long after. Thus, a fee award to the Plaintiff is "mandatory."

## **CONCLUSION**

WHEREFORE, the Plaintiff respectfully requests that the Court enter an Order denying the Defendant's Motion to Compel,[3] denying the Defendants' request for attorney's fees, awarding attorney's fees to the Plaintiff, and all other relief the Court deems just and proper.

---

[3] To avoid more unnecessary litigation, Plaintiff agrees to execute a social media release despite the fact the Defendant never engaged in a L.R. 3.01(g) conference on this issue and Plaintiff has represented he does not have social media accounts.

11

Respectfully submitted,

Dated: August 14, 2018

s/ Benjamin H. Yormak
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 14, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

s/ Benjamin H. Yormak
Benjamin H. Yormak